# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re*: N.C.

No. 16-0881 (Kanawha County 16-JA-04)

**FILED**

**February 21, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother S.C., by counsel Matthew A. Victor, appeals the Circuit Court of Kanawha County's September 6, 2016, order terminating her parental rights to eleven-year-old N.C.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed its response in support of the circuit court's order. The guardian ad litem ("guardian"), Sandra Bullman, filed a response on behalf of the child also in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in terminating her parental rights to the children without imposing a less-restrictive dispositional alternative.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In January of 2016, the DHHR filed a petition for abuse and neglect against petitioner alleging in part, that she abused illegal drugs to the extent that she was unable to appropriately parent N.C. Specifically, N.C. observed petitioner "line up ['white dope'] with a credit card and snort it up her nose" and "stick a needle in her arm and sho[o]t up drugs." Petitioner waived her right to a preliminary hearing, but requested services to correct the underlying conditions of abuse and neglect. Accordingly, the circuit court granted petitioner the following services: 1) supervised visitation; 2) parenting classes; 3) psychological, parental fitness, and substance abuse evaluations; and 4) adult life skills classes.

Thereafter, the circuit court held a series of adjudicatory hearings during which it heard uncontested testimony that the child observed petitioner "sho[o]t up a needle in her arm" and "snort drugs and line up drugs with a credit card." The circuit court also heard testimony that the child witnessed petitioner smoke out of a glass pipe and use a straw to ingest drugs. The testimony also established that petitioner exposed the child to inappropriate sexual situations

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

while the child was in her custody. Finally, the circuit court heard testimony that petitioner failed to participate and was "noncompliant" with services. By order entered July 5, 2016, the circuit court found that petitioner was an abusing parent.

In August of 2016, the circuit court held a dispositional hearing during which a DHHR worker testified that while petitioner continued to deny any drug use she recently tested positive for multiple illegal substances. This worker also testified that petitioner did not cooperate with services during the underlying proceedings. Finally, the worker testified that on June 28, 2016, petitioner tested positive for marijuana, opiates, amphetamines, methamphetamine, and benzodiazepine. On July 15, 2016, petitioner tested positive for marijuana, amphetamines, and methamphetamine. By order entered September 6, 2016, the circuit court found that petitioner was not capable of substantially correcting the conditions of abuse and neglect, in part, because she failed to cooperate with service providers and failed to acknowledge her drug use as evidenced by two failed drug screens. As such, the circuit court terminated petitioner's parental rights to her child. This appeal followed.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Further, our case law is clear that "in the context of abuse and neglect proceedings, the circuit court is the entity charged with weighing the credibility of witnesses and rendering findings of fact." *In re Emily*, 208 W.Va. 325, 339, 540 S.E.2d 542, 556 (2000) (citing Syl. pt. 1, in part, *In re Travis W.*, 206 W.Va. 478, 525 S.E.2d 669 (1999)); se*e also Michael D.C. v. Wanda L.C.*, 201 W.Va. 381, 388, 497 S.E.2d 531, 538 (1997) (stating that "[a] reviewing court cannot assess witness credibility through a record. The trier of fact is uniquely situated to make such determinations and this Court is not in a position to, and will not, second guess such determinations.").

On appeal, petitioner argues that the circuit court erroneously terminated her parental rights without employing a less-restrictive dispositional alternative. West Virginia Code § 49-4-604(6) provides that circuit courts are directed to terminate parental rights upon finding that there is "no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the child's welfare. West Virginia Code

§ 49-4-604(c)(3) provides that no reasonable likelihood that the conditions of abuse or neglect can be substantially corrected exists when "[t]he abusing parent . . . ha[s] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts[.]" We have also held that "[t]ermination . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood . . . that conditions of neglect or abuse can be substantially corrected." *In re Katie S.*, 198 W.Va. at 82, 479 S.E.2d at 592, syl. pt. 7, in part.

In the case sub judice, it is clear that there was no reasonable likelihood that petitioner could have substantially corrected the conditions of abuse or neglect in the near future. It is undisputed that the circuit court granted petitioner services following her preliminary hearing. Further, during the multiple evidentiary hearings, the circuit court heard unrebutted testimony that petitioner failed to participate in visitations with N.C. and that she was "noncompliant" with services. Furthermore, while petitioner continued to deny having a drug problem, she tested positive for marijuana, opiates, amphetamines, methamphetamine, and benzodiazepine on June 28, 2016, and marijuana, amphetamines, and methamphetamine on July 15, 2016. As such, we find no error in the circuit court's termination of petitioner's parental rights without imposing less-restrictive dispositional alternatives.

For the foregoing reasons, we hereby affirm the circuit court's September 6, 2016, order.

Affirmed.

**ISSUED**:  February 21, 2017

**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker